FILED
2012 Dec-12  AM 11:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEMETRIUS L. WILBERT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | |
| **CLP CORPORATION** ) | |
| **d/b/a McDONALD'S** ) | _____ |
| ) | |
| **Defendants.** ) | **JURY DEMAND** |

## COMPLAINT

### I. INTRODUCTION

This is an action for legal and equitable relief to redress unlawful sexual harassment and retaliation.  The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000e et seq. ("Title VII").  The Plaintiff requests a trial by jury of all issues triable to a jury.

### II. JURISDICTION AND VENUE

1.  Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.

2.      A substantial part of the unlawful employment practices challenged in this action occurred in Jefferson County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

## III.   ADMINISTRATIVE PREREQUISITES

3.      The Plaintiff has met all administrative conditions precedent for filing this case under Title VII. He filed timely two charges of discrimination with the Equal Employment Opportunity Commission against CLP Corporation d/b/a McDonald's (hereinafter "McDonald's") in which he complained that the Defendants subjected him to sexual harassment and retaliated against him for his opposition to sexual harassment. The charges are numbered 420-2012-01533 and 420-2012-01869 and copies are attached hereto the instant complaint.

4.      Plaintiff has received an authorization from the EEOC to file a private action for EEOC Charge 420-2012-01533 and is awaiting a Notice of Right to Sue for EEOC Charge 420-2012-01869. Plaintiff is filing his his complaint within ninety (90) days of receiving the first right to sue authorization.

## IV. PARTIES

5. Plaintiff, Demetrius Wilbert (hereinafter "Wilbert" or "Plaintiff"), is a male citizen of the United States over the age of nineteen (19) years and has at all times pertinent to the matters alleged herein been a resident citizen of the city of Birmingham in the State of Alabama.

6. Defendant McDonald's is a joint or single employer comprised of CLP Corporation, d/b/a McDonald's. Defendant employs more than fifteen (15) people and are thus is an "employer" subject to suit under Title VII.

## V. STATEMENT OF FACTS

7. The Plaintiff realleges and incorporates by reference paragraphs 1-6 above with the same force and effect as if fully set out in specific detail hereinbelow.

8. On or about December of 2011, a female McDonald's manager began to make sexually inappropriate comments to the Plaintiff in private and in front of other employees. These comments included, but were not limited to: (1) "I bet you have a big d**k; (2) "when your wife goes into labor I want to come to your house and sex in ya'll's bed"; (3) asked Plaintiff if he wanted a lap dance; (4) asked Plaintiff to father a child with her; (5) stared at the Plaintiff's genitalia; (6) told co-workers that Plaintiff was her boyfriend; (7) attempted to place her body against the Plaintiff's; and (8) constantly made comments about wanting to have sexual relations

with the Plaintiff. This female manager's actions towards the Plaintiff were unwelcome, unsolicited, and unlawful.

9. In January 2012, this manager's sexually harassing behavior was reported to upper management. Upper management officials assured Plaintiff that action would be taken regarding his complaints. Plaintiff is unaware of what, if any, action was taken regarding his complaints, however, the sexual harassment continued so much so that Plaintiff requested a shift change, which would have removed him from the harasser's supervision. Plaintiff's request was denied.

10. On March 13, 2012, Plaintiff filed a charge of discrimination with the EEOC. Since the filing of that charge, Plaintiff suffered a reduction in hours equivalent to missing three days of work. There was no need for this reduction in hours as nothing changed at the store to necessitate cutting Plaintiff's hours so severely. On April 20, 2012, Plaintiff filed another EEOC charge this time alleging retaliation. Because of the severe cut in hours, Plaintiff was forced to resign his position.

## VI.   CAUSES OF ACTION

### COUNT I - SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

11. The Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

12. The sexual harassment directed at the Plaintiff, as described above, was unwelcome and was severe and pervasive enough to adversely affect the terms and conditions of his employment. Thus, the McDonald's agents subjected Plaintiff to a hostile environment sexual harassment in violation of Title VII.

13. The Defendant McDonald is liable under Title VII for such harassment because it knew or should have known of the harassment, but failed to take prompt and effective remedial action, and instead retaliated against the Plaintiff for rebuking and complaining about the harassment.

14. The actions of McDonald's, as described above, were done with malice and/or reckless indifference to the Plaintiff's federally-protected rights.

15. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, back pay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

16. The Plaintiff is now suffering and will continue to suffer irreparable injury from McDonald's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II - RETALIATION IN VIOLATION OF TITLE VII

17.     The Plaintiff realleges and incorporates by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail hereinbelow.

18.     As is discussed above, the Plaintiff opposed and reported sexual harassment by lodging complaints with management, who had or should have had knowledge of the sexual harassment and that the sexual harassment was not welcomed.  This opposition constituted protected activity under Title VII.

19.     As is discussed above, Defendant McDonald's retaliated against the Plaintiff for engaging in this protected activity and for opposing the sexual harassment by, among other things, terminating his employment.

20.     Therefore, Defendant McDonald's has violated the proscription against retaliation for engaging in protected activity that is found in Title VII.

21.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, back pay, front pay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

22.     The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant McDonald's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VII. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the Defendant's actions described hereinabove violated and continue to violate the rights of the Plaintiff as secured by Title VII;

2. Grant the Plaintiff a permanent injunction enjoining the Defendant its agents, successors, employees, attorneys and those acting in concert with the Defendant and on the Defendant's behalf from continuing to violate Title VII;

3. Issue an injunction ordering the Defendant not to engage in sexual harassment and ordering Defendant McDonald's to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct;

4. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by reinstating the Plaintiff to the position he would have occupied in the absence of sexual harassment and retaliation (or frontpay), backpay (plus interest), loss of seniority, benefits and loss of pension, and by awarding the Plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5. The Plaintiff further prays for such other relief and benefits as the cause

of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

                          Respectfully submitted,
                          <u>/s/Roderick T. Cooks</u>
                          Roderick T. Cooks
                          Lee Winston
                          Courtney Calhoun
                          Attorneys for the Plaintiff

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**<u>OF COUNSEL:</u>**
WINSTON COOKS, LLC
Two-20th Street North
Suite 1330
Birmingham, AL 35203
Tele:  (205) 502-0970
Fax:   (205) 278-5876
email:  rcooks@winstoncooks.com
email:  <u>lwinston@winstoncooks.com</u>

**<u>PLAINTIFF'S ADDRESS</u>**
Demetrius Wilbert
WINSTON COOKS, LLC
Two-20th Street North
Suite 1330
Birmingham, AL 35203
Tele:  (205) 502-0970
Fax:   (205) 278-5876
email:  rcooks@winstoncooks.com
email:  <u>lwinston@winstoncooks.com</u>

**DEFENDANT'S REGISTERED AGENT**
CLP Corporation
c/o James Black
121 Summit Parkway
Homewood, AL 35209-4707